1
2
3
4
5
6
7
8
9 **IN THE UNITED STATES DISTRICT COURT**
10 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11
12
13 MARCELLO COOPER,
14                          Petitioner,
15                     v.
16 DEBBIE ASUNCION, Warden,
17                          Respondent.
18

Case No. CV 18-2100 PA (MRW)

**ORDER DISMISSING SUCCESSIVE HABEAS ACTION**

19          The Court summarily dismisses this action pursuant to the successive

20 habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

21                                    * * *

22          1.      Petitioner is a state prisoner.  He is serving a life sentence based on

23 a murder conviction from the early 1990s.

24          2.      Petitioner previously sought habeas relief in this Court regarding

25 that conviction on three occasions.  The Court denied his first habeas petition in

26 2001 as untimely under federal law.  <u>Cooper v. CDC</u>, No. CV 01-2744 MMM

27 (CT) (C.D. Cal.).

28

3.     Several years later, Petitioner brought a habeas action related to the alleged post-conviction destruction of trial evidence.  <u>Cooper v. California District Court</u>, No. CV 13-2024 MMM (MRW) (C.D. Cal.).  The Court dismissed that habeas action as successive under AEDPA.  The United States Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability regarding that decision.  Petitioner advanced the same claims in another habeas action – his third, and the second to be dismissed as successive – in this Court last year.  <u>Cooper v. Asuncion</u>, No. CV 17-8530 PA (MRW) (C.D. Cal.).

4.     Petitioner's current action seeks further review of the same conviction.  The petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

5.     The Court (Magistrate Judge Wilner) issued an order noting the successive nature of this fourth habeas action.  (Docket # 4.)  The Court directed Petitioner to submit a statement addressing why the action should not be dismissed as a matter of federal law.

6.     Petitioner subsequently filed several letters repeating his claims regarding the credibility of witnesses at his original criminal trial and the post-trial destruction of evidence.  (Docket # 8.)  He failed, however, to explain why his action was not successive under AEDPA.  Petitioner also did not explain why he failed to ask the Ninth Circuit for permission to file a new habeas action (despite the Court's previous orders dismissing his 2013 and 2017 cases on that basis).

* * *

7.     If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party.  28 U.S.C. § 2243; <u>see</u>

1 <u>also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District

2 Courts (petition may be summarily dismissed if petitioner plainly not entitled to

3 relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order

4 for summary dismissal to district judge "if it plainly appears from the face of

5 the petition [ ] that the petitioner is not entitled to relief").

6       8.     Under federal law, a state prisoner is generally required to present

7 all constitutional challenges to a state conviction in a single federal action.

8 "Before a second or successive [habeas petition] is filed in the district court, the

9 applicant shall move in the appropriate court of appeals for an order authorizing

10 the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

11       9.     A prisoner must obtain authorization from the Court of Appeals to

12 pursue such a successive habeas petition <u>before</u> the new petition may be filed in

13 district court. <u>Id.</u> "If the petition is second or successive, then the district court

14 lacks jurisdiction and must dismiss the petition unless and until the court of

15 appeals grants an application to file it." <u>Brown v. Muniz</u>, ___ F.3d ___, 2018

16 WL 2107273 at *4, 12 (9th Cir. May 8, 2018) ("petitioner's burden is higher"

17 under statute to bring successive habeas action).

18      10.     A dismissal of a habeas action "for failure to comply with the

19 statute of limitations renders subsequent petitions second or successive for

20 purposes of the AEDPA," thereby requiring appellate court permission for the

21 new filing. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009).

22      11.     The current petition challenges Petitioner's murder conviction

23 from two decades ago.  The Court previously denied habeas relief regarding

24 that criminal conviction because Petitioner's action was untimely.

25 (CV 01-2744.)  Petitioner's second and third habeas actions (CV 13-2024, CV

26 17-8530) were successive, and Petitioner failed to obtain permission from the

27 federal appellate court to file them in this district court.

28

1   12.    Those defects make the current, fourth action successive, too.

2   McNabb, 576 F.3d at 1030.  Petitioner presents no proof that he asked for or

3   received permission from the Ninth Circuit Court of Appeals to pursue another

4   successive action.  On this basis, the current petition is subject to summary

5   dismissal.  28 U.S.C. § 2244(b); Brown.

6                                          * * *

7          Because the Court does not have jurisdiction to consider Petitioner's

8   claim, the action is DISMISSED without prejudice as successive.

9          IT IS SO ORDERED.

10

11

12  Dated: May 16, 2018        _____

13                             PERCY ANDERSON
                               UNITED STATES DISTRICT JUDGE
14

15  Presented by:

16

17

18  _____

19  HON. MICHAEL R. WILNER
    UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28